Roberto Luis Costales, Esq. (#33696)
William H. Beaumont, Esq. (#33005)
Emily A. Westermeier, Esq. (#36294)
BEAUMONT COSTALES
3801 Canal Street Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
costaleslawoffice@gmail.com
whbeaumont@gmail.com
emily.costaleslawoffice@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIDIO LOPEZ, on behalf of himself and other persons similarly situated,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ASJ CONSTRUCTION GROUP, LLC and ALFONSO SANCHEZ,<br>　　　　　Defendants. | Case No.:<br><br><br><br>**COLLECTIVE ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Lidio Lopez, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants ASJ Construction Group, LLC and Alfonso Sanchez.

### **NATURE OF THE ACTION**

1. This is an action by Lidio Lopez ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants ASJ Construction Group, LLC and Alfonso Sanchez ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

COLLECTIVE ACTION COMPLAINT - 1

2.  Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3.  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4.  Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Lidio Lopez

5.  Plaintiff is a resident of Louisiana.

6.  Plaintiff was hired by Defendants in approximately May 2014 and worked for Defendants until approximately December 2016.

7.  Plaintiff worked at numerous projects for Defendants in the Greater New Orleans Area. Each of Defendants' worksites were populated by at least five other laborers.

8.  Plaintiff worked as a laborer. In connection therewith, Plaintiff performed duties related to pouring concrete foundations and other general manual labor.

9.  Defendants paid Plaintiff $120 per day. For every hour that he worked in excess of forty in any particular week he was still only paid $120 per day.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

COLLECTIVE ACTION COMPLAINT - 2

## Defendant ASJ Construction Group, LLC

11.     Defendant ASJ Construction Group, LLC ("ASJ") is a limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

12.     ASJ is a commercial and residential construction company that specializes in home elevation, remodeling, restoration, leveling, and other general construction.

13.     ASJ supervised the day to day work activities of Plaintiff.

14.     ASJ determined Plaintiff's work schedule for the employment at issue herein.

15.     ASJ maintains an employment file for Plaintiff.

16.     ASJ is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17.     ASJ is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## Defendant Alfonso Sanchez

18.     Defendant Alfonso Sanchez is the owner and manager of Defendant ASJ.

19.     At all pertinent times herein Defendant Alfonso Sanchez had the authority to hire and fire ASJ employees, including the Plaintiff herein.

20.     At all pertinent times herein Defendant Alfonso Sanchez maintained executive authority over the jobs ASJ employees were provided, including the location, duration, and rate-of-pay for those jobs.

COLLECTIVE ACTION COMPLAINT - 3

# FACTUAL ALLEGATIONS

21.    Defendant ASJ is a commercial and residential construction company that specializes in home elevation, remodeling, restoration, leveling, and other general construction.

22.    Defendants employed at least five manual laborers at their jobsites.

23.    Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least 48 hours per week. Defendants often required Plaintiff to work at least six days per week.

24.    Plaintiff was usually paid by check. Sometimes the check bore the name "ASJ Construction Group, LLC."

25.    Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

26.    Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

# COLLECTIVE ACTION ALLEGATIONS

27.    Defendants paid the named Plaintiff and other similarly situated employees at a day rate for work performed.

28.    Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

29.    When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

COLLECTIVE ACTION COMPLAINT - 4

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

30.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly, day rate, or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

32.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2014 and continuing until the present.

33.     As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

_____
Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ Emily A. Westermeier*

_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*

_____
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*Attorneys for Plaintiff*